# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RANDY XAVIER JONES**,

   Petitioner

v.                                                Case No. 8:23-cv-844-WFJ-SPF

**UNITED STATES OF AMERICA**,

   Respondent.
_____/

## ORDER

Before the Court is Randy Xavier Jones's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1.[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkt. 3). Upon careful review, the Court denies Petitioner's Motion.

## BACKGROUND

On August 25, 2021, a federal grand jury returned a five-count indictment against Petitioner for various crimes related to wire fraud. Cr. Dkt. 1. Petitioner opted to enter into a plea agreement instead of going to trial and pled guilty to wire fraud

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:21-cr-288-WFJ-SPF, will be denoted as "Cr. Dkt. [document number]."

in violation of 18 U.S.C. § 1343 (Count Two) as well as aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Five). Cr. Dkt. 43.

On March 24, 2022, the Court held a change-of-plea hearing. Cr. Dkt. 44. Petitioner voluntarily acknowledged his understanding of the nature of Counts Two and Five to which he pled guilty and further stated his satisfaction with trial counsel. Cr. Dkt. 43 at 24. After reviewing Petitioner's entire plea agreement and ascertaining Petitioner's understanding of each provision, the Court was satisfied that Petitioner knowingly and voluntarily entered into the agreement. Cr. Dkt. 46. The Court therefore accepted Petitioner's plea and adjudicated him guilty of Counts Two and Five of the indictment. *Id.*

Prior to sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR"). Cr. Dkt. S-55. Although the base offense level for Count Two was 7, Petitioner received a 12-level enhancement for loss exceeding $250,000 (U.S.S.G. § 2B1.1(b)(1)(G)), a 2-level enhancement for offense conduct involving ten or more victims (§ 2B1.1(b)(2)(A)(i)), a 2-level enhancement for offense conduct described in 18 U.S.C. § 1040, specifically conduct involving fraud in relation with a presidentially declared major disaster (the COVID-19 pandemic) (§ 2B1.1(b)(12)), a 2-level reduction for acceptance of responsibility (§ 3E1.1(a)), and a 1-level reduction for assisting authorities in the prosecution by making a timely notification of intent to enter a plea of guilty (§ 3E1.1(b)). *Id.* at 9–10. This resulted in a total

offense level of 20. *Id.* at 10. Given Petitioner's criminal history category of II, Petitioner's advisory guideline range spanned from 37 to 46 months' imprisonment for Count Two, followed by a consecutive 24-month term for Count Five. *Id.* at 11–17, 22.

Petitioner objected to the PSR's total offense level calculation, arguing that the total offense level was erroneously high because an additional 2-level § 3B1.2(b) reduction for a minor role is appropriate. *Id.* at 26–28. This reduction relies on Petitioner being a lower-level participant in the fraud conspiracy among a number of co-conspirators. *Id.* The Respondent assented to Petitioner's objection regarding the minor role reduction. Cr. Dkt. 78 at 3–4. The Court then heard Petitioner's objection during Petitioner's initial sentencing hearing. *Id.* at 3–10. The Court overruled Petitioner's objections, finding that Petitioner was involved in "pretty sophisticated fraud," which made Petitioner not any "less culpable than other participants." *Id.* at 10. The offense level, and thus the advisory guidelines, remained unchanged. *Id.* at 10–11.

The Court ultimately sentenced Petitioner to a total term of 61 months' imprisonment, including 37 months as to Count Two and 24 months as to Count Five, to be served consecutively, followed by a total term of 3 years' supervised release, including a 3 year term as to Count Two and a 1 year term as to Count Five,

3

to run concurrently. Cr. Dkt. 58. During the sentencing proceedings, the Court imposed the sentence as follows:

> Pursuant to 3551 and 3553 of Title 18, it's my judgment that Mr. Jones is committed on Count 2, which is the guidelines count, a term of imprisonment of 37 months. Now, whether that was a 20 where we are at or I granted role which I didn't grant at 18, either way I would give 37 months. I think that's appropriate. So if I was down to 18 with role, I would still give the 37. So 37 as to Count 2. And then there's a 24-month term as to Count 5. And the Count 5 has to run *concurrent* to Count 2. So 37 *plus* 24.

Cr. Dkt. 78 at 18 (emphasis added). This reference to a concurrent nature is in contradiction with the Court's other pronouncements regarding the consecutive nature of Petitioner's term of imprisonment, including within the Amended Judgment. *Id.* at 10, 18; Cr. Dkt. 65 at 2; Cr. Dkt. 74 at 7.

Petitioner appealed his convictions and sentences. Cr. Dkt. 66. Trial counsel then filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Civ. Dkt. 3-2. After an independent review of the record conducted by the Eleventh Circuit, "no arguable issues of merit" were found. Cr. Dkt. 94 at 2. The Eleventh Circuit affirmed Petitioner's convictions and sentences. *Id.*

On April 17, 2023, Petitioner timely filed the instant 28 U.S.C. § 2255 Motion. Civ. Dkt. 1. Petitioner asserts two claims for ineffective assistance of counsel: (1) trial counsel failed to advise Petitioner that his sentence was to run consecutively, not concurrently, resulting in an involuntary guilty plea; and (2) trial counsel failed

to know the law and properly challenge financial loss related to Petitioner's § 2B1.1(b)(1)(G) enhancement. *Id.* at 4–6.

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

## DISCUSSION

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

5

To establish deficient assistance under the first prong of *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The test is not "what the best lawyers" or "what most good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Rather, the test relies on reasonableness, with the question being "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.*

To establish resulting prejudice under the second prong of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

As mentioned above, Petitioner asserts two grounds for ineffective assistance of counsel. The Court will address both grounds before turning to consider entitlement to an evidentiary hearing and appealability.

**I.      Ground One**

Petitioner's first ground for ineffective assistance of counsel focuses on trial counsel's alleged failure to advise Petitioner that his sentence was to run

consecutively, not concurrently. Civ. Dkt. 1 at 4–5. Petitioner maintains that this failure, in conjunction with the Court's misstatement regarding the consecutive nature of the term of imprisonment, resulted in an involuntary guilty plea, and thus a term of imprisonment 24 months longer than anticipated. *Id.* The Court disagrees— Petitioner was repeatedly informed of the consecutive nature of his sentence throughout his guilty plea and during sentencing.

Initially, Petitioner bears a heavy burden when a plea of guilty has been made, as he must then show that his statements made under oath during the plea colloquy were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted); *see Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (holding that a plea should not be overturned by a court solely because a defendant asserted after the plea that he or she would have pleaded differently, but for the trial counsel's ineffective assistance; as, "contemporaneous evidence to substantiate a defendant's expressed preferences" would be required for a court to upset such a plea); *see also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) (The "[e]ntry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.").

Additionally, for Petitioner to successfully prove an ineffective counsel claim regarding an alleged involuntary plea, Petitioner must establish both prongs of the *Strickland* test. *Hill v. Lockhart* 474 U.S. 52, 58 (1985) (holding that the two prong

7

*Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel."). To satisfy the second *Strickland* prong requiring 'prejudice,' it is Petitioner's burden to demonstrate that there is a reasonable probability that he would have decided to go to trial instead of pleading guilty, but for trial counsel's alleged failures. *Id.* at 59. Furthermore, when an orally pronounced sentence "conflicts with the written order of judgment," generally "the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2014) (citing *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). That said, the Court recognizes a "longstanding exception" to this general rule when such oral pronouncement is found to be contrary to law, and the corresponding written order of judgement is congruent with law. *United States v. Joseph*, 743 F.3d 1350, 1353 (11th Cir. 2014). Upon this occurrence, this Court has consistently affirmed the written order. *Id.*

Here, Petitioner voluntarily signed the plea agreement, which acknowledged his understanding of the nature of Counts Two and Five to which he pled guilty, stated his satisfaction with his trial counsel, and confirmed that he fully understood the agreement's terms. Cr. Dkt. 43 at 24, 33. He initialed the pages listing Count Five as punishable by a 2-year minimum consecutive sentence. *Id.* at 1–2. After being sworn in at his change-of-plea hearing, Petitioner asserted under oath to the Court that he reviewed the plea agreement, discussed its contents with trial counsel,

and ultimately agreed to all its terms. Cr. Dkt. 74 at 5. Petitioner went so far as to agree that the Court "could take it to the bank that [his] plea agreement is here and [he] agree[s] to every line on that 33 pages." *Id.* The Court then continued, repeatedly warning Petitioner of "the penalty that [he subjected himself] to," including the consecutive nature of the mandatory minimum imprisonment term he faced for Count Five. Cr. Dkt. 74 at 7. In response, Petitioner repeatedly expressed his assent to and understanding of the terms listed in the plea agreement and those presented to him at the change-of-plea hearing. Cr. Dkt. 74 at 4–13. Petitioner testified he understood the consecutive nature of Count Five and its minimum mandatory term. *Id.* at 7.

The Court finds that Petitioner's argument is not sufficient to overcome the heavy burden required to upend this plea or to designate Petitioner's statements as false. He was repeatedly informed of the consecutive nature of his sentence, and he repeatedly evinced his understanding of this fact prior to the Court's mistaken oral statement at the end of his sentencing. Thus, Petitioner has failed to demonstrate a reasonable probability that he would have insisted on going to trial instead of entering a guilty plea, but for the alleged failures of trial counsel. This ultimately means that Petitioner could not demonstrate prejudice even if trial counsel's performance fell below an objective level of reasonableness.

Notwithstanding, trial counsel's performance was reasonable. Petitioner's trial counsel affirms that she met with him and "advised [Petitioner] of the minimum mandatory and the consecutive nature of" Count Five. Civ. Dkt. 3-1 at 2. Trial council further affirms that she reviewed the plea agreement before the change-of-plea hearing with Petitioner "in its entirety, including the penalty provisions". *Id.* at 2–3. After this, Petitioner signed the plea agreement, explicitly stating his satisfaction with trial counsel. Cr. Dkt. 43 at 24. Petitioner later maintained that trial counsel's performance was satisfactory, during both the change-of-plea and sentencing hearings, while under oath. Cr. Dkt. 74 at 4; Cr. Dkt. 78 at 3. The Court finds trial counsel's assistance to be reasonably sufficient.

Finally, the Court's misstatement during sentencing—pronouncing a concurrent term of imprisonment for Counts two and Five—would be contrary to law. Such a term would be a violation of the requirement under 18 U.S.C. § 1028A(b)(2) that "no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment." Cr. Dkt. 78 at 18. Therefore, because this oral pronouncement would be contrary to law, the Court's written Amended Judgement governs. *Id.*; Cr. Dkt. 65 at 2. Furthermore, the Court's misstatement that "Count 5 has to run *concurrent* to Count 2" was immediately clarified by a statement of "37 *plus* 24." Cr. Dkt. 78 at 18 (emphasis added). And Petitioner was properly informed by the Court of the consecutive nature of his term

10

of imprisonment on numerous other occasions, including during the change-of-plea hearing, earlier in the sentencing hearing, and in the Amended Judgment. *Id.* at 10; Cr. Dkt. 65 at 2; Cr. Dkt. 74 at 7.

For these reasons, Petitioner has not met his heavy burden of showing that his statements made under oath regarding his guilty plea were false and cannot establish the necessary *Strickland* prongs for Ground One. Additionally, Petitioner's sentence was governed by the Amended Judgment, which correctly conveyed the consecutive nature of the term of imprisonment, in accordance with law. Petitioner is not entitled to relief regarding Ground One. *See Maharaj*, 432 F.3d at 1319.

## II.   Ground Two

Petitioner's second ground for ineffective assistance of counsel focuses on trial counsel's alleged failure to understand § 2B1.1(b)(1)(G) and to hold Respondent to its burden of proof concerning its application. Civ. Dkt. 1 at 5–6. Petitioner maintains that these failures resulted in an improper § 2B1.1(b)(1)(G) enhancement, as Respondent failed to meet its burden of demonstrating financial loss exceeding $250,000. *Id.* The Court finds that Petitioner is mistaken. Section 2B1.1(b)(1)(G) instructs a sentencing court to increase a defendant's offense level by 12 points where financial loss exceeded $250,000. Financial loss is based on "the greater of the actual loss or intended loss." § 2B1.1, cmt. n.3(A)(i), (ii), (iv). In addition, a "district court is permitted to base its loss determination on factual

11

findings derived from, 'among other things, evidence heard during trial, undisputed statements in the [PSR], or evidence presented during the sentencing hearing.'" *United States v. Bradley*, 644 F.3d 1213, 1290 (11th Cir. 2011) (quoting *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004)).

It follows that there was no improper § 2B1.1(b)(1)(G) enhancement here. The PSR calculated the actual loss as $475,881 which was not disputed by either party during sentencing. Cr. Dkt. S-55 at 9; Cr. Dkt. 78 at 3, 10. Furthermore, Petitioner repeatedly stipulated to a loss between $250,000 and $550,000. Cr. Dkt. 43 at 4, 25–32; Cr. Dkt. 74 at 12–13. The Court relied on these stipulations to find loss exceeding $250,000. Cr. Dkt. 58. The Court indicated that even "if one cut . . . the loss in half, [Petitioner's] still at 12 [points]," meaning that the actual loss calculated was more than double what would be necessary for a § 2B1.1(b)(1)(G) enhancement to be proper. Cr. Dkt. 78 at 9. Petitioner's § 2B1.1(b)(1)(G) enhancement was therefore appropriate, as a preponderance of the evidence (Petitioner's own stipulations) demonstrated the requisite loss for the enhancement he received. *See United States v. Askew*, 193 F.3d at 1183 (11th Cir. 1999) ("The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement."). This indicates that even if Petitioner could establish that trial counsel's assistance fell below an objective level of reasonableness, Petitioner still could not demonstrate prejudice.

Once again, however, trial counsel's performance was reasonable and certainly did not amount to deficient assistance, per *Strickland*. Petitioner's trial counsel affirms that she reviewed the plea agreement with Petitioner, which included language stipulating to a loss between $250,000 and $550,000. Civ. Dkt. 3-1 at 2–3; Cr. Dkt. 43 at 4. After Petitioner decided to sign the plea agreement, stipulating to this loss amount, trial counsel affirms that she then reviewed the PSR with Petitioner, including the United States' estimated loss of $475,881. Civ. Dkt. 3-1 at 2–3; Cr. Dkt. S-55 at 9. Overall, trial counsel affirms that Petitioner made no objections regarding the loss amount after she advised Petitioner of this amount in an estimated guidelines letter, during discovery review, and during review of the PSR. Civ. Dkt. 3-1 at 3–4. The Court finds trial counsel's legal advice regarding the loss amount that led to the § 2B1.1(b)(1)(G) enhancement to be reasonably sufficient.

For these reasons, Petitioner cannot establish either *Strickland* prong on Ground Two. Petitioner is therefore entitled to no relief regarding either Ground One or Ground Two. *See Maharaj*, 432 F.3d at 1319.

### III. Evidentiary Hearing

In light of the forgoing discussion, Petitioner is not entitled to an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotations and citations omitted). Hence, to

demonstrate entitlement to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must allege "facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

Here, Petitioner's claims are either affirmatively contradicted by the record or patently frivolous. It is abundantly clear that Petitioner is not entitled to relief. His attorneys' performances were neither deficient nor prejudicial. As a result, summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a § 2255 motion may make an order for its summary dismissal [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

## IV. Certificate of Appealability

Petitioner is similarly not entitled to a certificate of appealability ("COA"). A petitioner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor an appeal in *forma pauperis*.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence (Civ. Dkt. 1) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and Close this case.

**DONE AND ORDERED** at Tampa, Florida, on October 6, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, *pro se*